## Stabinski v. Jarinski

*H. Monroe Houtz*, for plaintiff.
*Harold Rosenn*, for defendant.

LEWIS, J. (for the court en banc), February 6, 1961. —This matter comes before us on preliminary objections to plaintiff's amended complaint in replevin under the provisions of Pa. R. C. P. 1017(b) (5), raising the defense of lack of capacity to sue.

At argument defendant limited himself to the reason contained in paragraph one of the preliminary objections, to wit:

"1. The Plaintiff is not duly registered under the Fictitious Names Act, and Defendant cannot verify the true identity or ownership of 'Stanley Oldsmobile'; Plaintiff also is barred from bringing this action until compliance with said statute of the Commonwealth of Pennsylvania, Act of 1945, May 24, P. L. 967, section 4."

Plaintiff filed an answer to the preliminary objections, admitting that he is not duly registered under the Fictitious Names Act, but denying that he is barred from bringing this action until compliance with the provisions of the act.

Section 1 of the Fictitious Names Act of May 24, 1945, P. L. 967, as amended, 54 PS §28.1, provides as follows:

"No individual or individuals shall hereafter carry on or conduct any business in this Commonwealth under any assumed or fictitious name, style or designation unless the person or persons conducting or carrying on the same shall have first filed in the office of the Secretary of the Commonwealth and in the office of the prothonotary in the county, wherein the principal place of business is located, . . . an application, under oath, and signed by such person or persons, setting forth the real name or names . . . of all the persons owning or interested in said business, . . ."

Section 4 of the act, 54 PS §28.4, sets forth:

". . . Before any such person or persons may institute any action in any of the courts of this Commonwealth or before any justice of the peace or magistrate thereof, on any cause of action arising prior to the filing of the application provided for in this section, such person or persons shall pay to the Secretary

of the Commonwealth for the use of the Commonwealth a license fee or fine of twenty-five dollars ($25.00). This act shall apply to all actions pending at the date of the passage of this act: Provided, That the plaintiff in any such suit shall pay all costs accrued prior to compliance with the provisions of this act: . . ."

An examination of plaintiff's amended complaint, to which is attached the conditional sales contract which forms the basis of plaintiff's action, shows that the latter document is signed "Stanley Olds" by someone whose signature is illegible but is clearly not that of plaintiff, Stanley Stabinski. The reason for defendant's objection, therefore, clearly appears.

Plaintiff, in support of the proposition that he is not barred from bringing this action although not registered under the Fictitious Names Act, cites Williams v. Kohick, 1 Lyc. 47; Myers v. Campbell, 10 D. & C. 396, and Stevens v. Meade, 13 D. & C. 9. The Williams and the Myers cases, however, involve the use of a person's surname followed by the designation of the type of business in which they were engaged, and the Stevens case involves the use of the person's full name followed by such designation. They are clearly distinguishable from the instant case which is concerned with the use of a given name followed by a designation of the business.

The provisions of the statute requiring registration are mandatory and in the absence of the required registration, its language further clearly precludes the institution of an action unless the license fee or fine has been paid and all costs accrued prior to compliance with its provisions have also been paid.

The engagement by plaintiff under the name of "Stanley Oldsmobile" and his institution of the present action without first complying with the provisions of the Fictitious Names Act, is clearly a violation of the provisions of the act and the action as presently

744

instituted must be regarded as a nullity. See Iannuzzo v. Thomas, 68 D. & C. 406.

Now, therefore, plaintiff's complaint is dismissed without prejudice to plaintiff's right to institute another action after registration and paying the fine for tardy registration and accrued costs in compliance with the Fictitious Names Act of 1945.